IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | No. 16 C 6606 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MICHAEL SMITH, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Michael Smith has filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence.[1] The government opposes the motion. For the reasons discussed below, petitioner's motion is denied.

**BACKGROUND**

Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on August 7, 2007. The court found that petitioner had at least three prior convictions that qualified as "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), and sentenced him to the mandatory minimum 180 months' imprisonment. Petitioner's predicate convictions were a 1993 aggravated battery, a 1997 residential burglary, a 2000 residential burglary, and a 2002 aggravated battery. All of the convictions were under Illinois law. Had the court not found that petitioner was an Armed Career Criminal, his maximum sentence under 18 U.S.C. § 922(g) would have been 120 months' imprisonment.

---

[1] Petitioner's criminal case number was 06 CR 36-1.

**DISCUSSION**

Petitioner filed the instant motion on June 24, 2016. In his motion, petitioner asserts that after Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), his predicate convictions no longer qualify as violent felonies under the ACCA. According to petitioner, it follows that his 180-month sentence is unconstitutional.

I. **Legal Standard**

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. Relief pursuant to § 2255, however, "is appropriate only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). When considering a § 2255 motion, the district court reviews the record and draws all reasonable inferences in favor of the government. See Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

II. **Analysis**

A. **Timeliness**

Pursuant to § 2255(f), a motion to vacate, set aside, or correct a sentence must be filed within a one-year period that begins to run from the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the

2

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner's motion is timely under the third ground.

On June 26, 2015, the Supreme Court held in Johnson that the ACCA's residual clause is unconstitutionally vague. See 135 S. Ct. 2551. Johnson announced a new substantive rule of constitutional law, which was made retroactively applicable in Welch. See 136 S. Ct. 1257. Accordingly, petitioner had until June 26, 2016, to file a Section 2255 motion. He did so on June 24, 2016. Respondent concedes that petitioner's motion is timely, but argues that it fails on the merits.

### B. Petitioner's Claims

According to respondent, petitioner's predicate offenses are unaffected by Johnson because the court did not resort to the ACCA's residual clause (which was invalidated by Johnson) in determining that petitioner's prior offenses were violent felonies. At the time of petitioner's sentencing, the ACCA defined violent felony as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that--
>     (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>     (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The italicized portion comprises the residual clause, which the Supreme Court held is unconstitutionally vague. Johnson, 135 S.Ct. 2551. Respondent argues that, because burglary is

3

an enumerated offense in section (ii) and aggravated battery falls under section (i), which is known as the "elements clause," petitioner's offenses are beyond <u>Johnson's</u> reach and his motion should be denied.[2] Petitioner argues that, because the residual clause provided a fallback basis on which courts could classify prior offenses as violent felonies, and courts generally did not state which part of the ACCA they relied on in making that determination, <u>Johnson</u> not only opens the door to habeas claims, it invites an inquiry into whether the petitioner's prior offenses qualify as predicates under the ACCA without the residual clause. Assuming for the sake of argument that petitioner is correct,[3] his motion still fails. The Seventh Circuit has conducted that inquiry and found that three of petitioner's prior offenses qualify as predicates under the ACCA.

### 1. Illinois Residential Burglary

Prior to pleading guilty to being a felon in possession of a gun in 2007, petitioner had been twice convicted of residential burglary, once in 1997 and again in 2000. Doc. 1 at 5–6. Petitioner argues in his motion that convictions under the Illinois residential burglary statute do not qualify as ACCA predicates because the statute is broader than "generic" burglary as defined by the Supreme Court in <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2283 (2013) (defining generic burglary as unlawful entry into a building or other structure with the intent to commit a

---

[2] The Seventh Circuit has held that, where a petitioner was sentenced under the ACCA for predicate offenses that were considered violent felonies without resort to the residual clause, <u>Johnson</u> does not affect the petitioner's sentence and, therefore, does not "reopen[ ] all questions about the proper classification of prior convictions under . . . the Armed Career Criminal Act." <u>Stanley v. United States</u>, 827 F.3d 562 (7th Cir. 2016). It follows that, if respondent is correct that petitioner's predicate offenses are unaffected by <u>Johnson</u>, petitioner cannot rely on the third ground mentioned above and his motion is untimely. Respondent does not make this argument, however, but rather concedes timeliness, thereby waiving that defense. See <u>Payne v. Illinois</u>, 485 F.Supp.2d 952 (N.D. Ill. 2007).

[3] <u>Stanley</u>, 827 F.3d 562, casts doubt on whether petitioner is indeed correct.

crime) (citing Taylor v. United States, 110 S. Ct. 2143 (1990)). In Descamps, the Court held that a conviction under a California burglary statute did not qualify as an ACCA predicate because the statute did not require unlawful entry and was therefore broader than generic burglary. Id. at 2293. Petitioner argues that the Illinois statute suffers from the same defect. The Illinois residential burglary statute reads as follows:

> (a) A person commits residential burglary when he or she knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft.

720 ILCS 5/19-3.

In his motion, petitioner takes issue with the statute's "without authority" language. According to petitioner, entry "without authority" does not equate to unlawful entry, and the statute therefore criminalizes a broader swath of conduct than generic burglary. It follows, petitioner argues, that a conviction under the statute does not qualify as an ACCA predicate. Respondent points out, and petitioner acknowledges, that the Seventh Circuit, in the wake of Descamps, held that the Illinois residential burglary statute that petitioner was convicted under does qualify as an ACCA predicate. See Dawkins v. United States, 809 F.3d 953, 955 (7th Cir. 2016) (finding that "Illinois courts, like federal courts, use terms like unlawfully, unauthorized, without consent, and without authority interchangeably"). Petitioner cites the lengthy dissent in Dawkins to support his argument that it cannot stand in light of Descamps.

Petitioner's argument changes gears in his reply brief. Instead of attacking the Illinois residential burglary statute's "without authority" language, petitioner argues that the statute is unconstitutionally broad because its definition of dwelling is not limited to buildings. The statute defines dwelling as follows:

> (b) For the purposes of Section 19-3 of this Code, "dwelling" means a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside.

720 ILCS 5/2-6.

According to petitioner, inclusion of "trailer" in the definition of dwelling expands the definition to include non-structures. Failing that, petitioner argues, the term "other living quarters" is broad enough to include things like boats and automobiles, making the statute broader than generic burglary. The authority petitioner relies on in making this argument, Mathis v. United States, 136 S. Ct. 2243 (2016), was decided exactly one day before petitioner filed his 2255 motion on June 24, 2016. In Mathis the Supreme Court held that a conviction under an Iowa burglary statute did not qualify as a predicate offense under the ACCA because it "reaches a broader range of places: any building, structure, *or land, water or air vehicle*." Mathis, 136 S. Ct. at 2250 (internal quotation omitted) (emphasis in original). It follows, according to petitioner, that a conviction under the Illinois residential burglary statute no longer qualifies as a predicate offense.

Petitioner further argues that Mathis invalidates the Seventh Circuit's Dawkins holding because Dawkins focused on the unlawful entry element of burglary and did not contemplate the locational element that was scrutinized in Mathis. The flaw in petitioner's argument is that the Seventh Circuit has since performed just such an analysis and declined to overturn Dawkins, or even discuss any effect that "recent case law" may have had on Dawkins' conclusion that the Illinois residential burglary statute comports with the Supreme Court's definition of generic burglary. United States v. Haney, 840 F.3d 472, 476 n.2 (7th Cir. 2016).

In Haney, the Seventh Circuit held that convictions under an old Illinois burglary statute that was in effect in the 1970s do not qualify as predicates under the ACCA because "the relevant statute applied not only to buildings but also to vehicles, such as housetrailers, watercraft, aircraft, motor vehicles . . . and railroad cars," making it broader than generic burglary. Id. at 475 (internal quotations omitted). In so holding, the court noted a number of burglary statutes that have been found too broad to support an ACCA enhancement. Id. at 476 (citing United States v. Edwards, 836 F.3d 831 (7th Cir. 2016) (Wisconsin statute that included railroad car, ship or vessel, locked enclosed cargo portion of a truck or trailer, motor home, or trailer home was too broad); United States v. White, 836 F.3d 437 (4th Cir. 2016) (West Virginia statute that included mobile home, house trailer, modular home, factory-built home or self-propelled motor home, or any other nonmotive vehicle primarily designed for human habitation and occupancy was too broad); United States v. Thorne, 837 F.3d 888 (8th Cir. 2016) (Florida statute that included curtilage of the structure or building was too broad)). Even still, the court found, albeit in dictum, that the Illinois residential burglary statute as it is written today (and was written when petitioner was convicted) "does not include in its definition locations that fall outside of" generic burglary. Id. at 476 n.2.

Petitioner's argument that the Illinois residential burglary statute is broader than generic burglary because its definition of dwelling includes "trailer" and "other living quarters" is well taken. The Fourth Circuit has held that a similar Maryland statute was too broad in light of Mathis. See United States v. Henriquez, 757 F.3d 144 (4th Cir. 2014). The Henriquez court found that the Maryland burglary statute was too broad because, although it did not define dwelling, the Maryland Court of Appeals had interpreted it to mean any structure that one

7

"intends to be his abode and so uses it." Id. at 148. The Fourth Circuit found that this reasoning "expressly captured recreational vehicles and easily could cover those boats and motor vehicles that people intend to use, and do use, as their dwellings." Id. at 148–49. It therefore held that a conviction under the statute could not qualify as an ACCA predicate even though it found no evidence that any court had construed the statute so broadly.

It is fair to say that the law in this area is unsettled and unclear. A comparison of two recent opinions analyzing the statute at issue in the instant case illustrates the uncertainty. In Khoury v. United States, 2017 WL 373295 (S.D. Ill. Jan. 26, 2017), the court held that "convictions for residential burglary under Illinois law undoubtedly qualify as 'violent felonies' for purposes of the ACCA." Id. at *2. The court relied on Dawkins and Haney in making that determination. See id. at *2, n. 4. In contrast, the court in Green v. United States, 2017 WL 568315 (E.D. Wis. Feb. 13, 2017), also citing Haney, came to the opposite conclusion and held that the Illinois residential burglary statute "like the Iowa statute in Mathis and the Wisconsin statute in Edwards–is broader than the 'generic burglary' statute" and, like the Iowa and Wisconsin statutes, does not support a predicate offense. Id. at *3. Underscoring the uncertainty in this area, in Green the government *agreed* that a conviction for Illinois residential burglary does not qualify as a predicate offense.

To the extent that the law is settled in the Seventh Circuit, the court is obliged to follow the holdings in Dawkins and Haney. Accordingly, the court finds that petitioner's convictions for Illinois residential burglary are predicate offenses under the ACCA. Consequently, if either one of petitioner's aggravated battery convictions qualifies as a predicate offense, petitioner was properly sentenced as an Armed Career Criminal.

## 2. Illinois Aggravated Battery

Prior to pleading guilty to being a felon in possession of a gun in 2007, petitioner had been twice convicted of aggravated battery, once in 1993 and again in 2002. Doc. 1 at 5–6. According to Illinois law, "[a] person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3. Simple battery can be elevated to aggravated battery for a number of reasons. Relevant to the instant case, committing battery with the use of "a deadly weapon other than by the discharge of a firearm" or against a "peace officer, a person summoned and directed by a peace officer, or a correctional institution employee" constitutes aggravated battery. 720 ILCS 5/12-4(b)(1), (6). Because one can be convicted of battery under either of the two prongs, petitioner's convictions, by themselves, do not establish that he committed a violent crime. See United States v. Rodriguez-Gomez, 608 F.3d 969, 973 (7th Cir. 2010). The court must therefore determine which prong petitioner was convicted under. Id. In doing so, the court is permitted to consult limited documents, one of which is the charging document. Id. (citing Shepard v. United States, 544 U.S. 13, 16 (2005)).

Petitioner argues that his 2002 aggravated battery conviction is not a crime of violence because he was charged under the second battery prong: making "insulting or provoking" physical contact with a correctional institution officer.[4] The Seventh Circuit agrees. See United States v. Hampton, 675 F.3d 720, 731 (7th Cir. 2012) (finding that "the Illinois aggravated-battery offense of making insulting or provoking contact with a peace officer does not qualify as

---

[4] Petitioner's 2002 Indictment confirms that he was charged with aggravated battery after he "knowingly made physical contact of an insulting or provoking nature with . . . a correctional institution employee." Doc. 15, Ex. 3, p. 3.

9

a violent felony and is therefore not an ACCA predicate," even if analyzed under the now-invalidated residual clause).  Unfortunately for petitioner, the same cannot be said for his 1993 aggravated battery conviction.

The court's review of the information under which petitioner was charged with aggravated battery in 1993 reveals that petitioner was charged under the first battery prong.  The information states that petitioner, "while armed with a dangerous weapon used force or threatened the imminent use of force upon [another] in that he placed the tip of a kitchen knife against the skin of [another]'s neck threatening to kill her."  Doc. 15, Ex. 2, p. 4.  Petitioner argues that this conduct requires insufficient force to qualify as a predicate offence under the ACCA.  The court disagrees.

As petitioner notes, the level of force necessary to constitute a violent felony under the ACCA is not one of first impression.  The requisite level of force is defined as "*violent* force–that is, force capable of causing pain or injury to another person."  Curtis Johnson v. United States, 559 U.S. 133, 140 (2010) (emphasis in original).  Accordingly, a battery committed using a level of force as defined in common law, the "merest touching," is not a violent felony, id. at 141, nor is a squeeze of the arm that leaves a bruise.  See Flores v. Ashcroft, 350 F.3d 666, 670 (7th Cir. 2003).  It strains credulity, however, to suggest that holding a knife to one's throat while threatening to kill her is analogous to a squeeze of the arm, or that doing so requires no more force than the merest touching.  The court rejects any such suggestion and finds that petitioner's 1993 conviction for aggravated battery qualifies as a violent felony under the ACCA.  See Hill v. Werlinger, 695 F.3d 644, 649–50 (7th Cir. 2012) (holding that aggravated

battery convictions based on the first prong of the Illinois battery statute constitute violent felonies for ACCA purposes) (citing cases).

Given the above analysis, the court finds that petitioner had three predicate offenses when he was sentenced under the ACCA and his sentence in constitutional. Accordingly, petitioner's motion to vacate his sentence is denied.

### III.     Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must either issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). To make a substantial showing, petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation omitted). Given recent developments in case law relating to whether petitioner's residential burglary convictions qualify as predicate offenses under the ACCA, the court finds that such a showing has been made and will issue a certificate of appealability.

## **CONCLUSION**

For the reasons discussed above, petitioner's § 2255 motion (doc. 1) to vacate his sentence is denied on the merits and his case before this court is terminated. The court will issue a certificate of appealability.

**ENTER:** **April 3, 2017**

_____
**Robert W. Gettleman**
**United States District Judge**